IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMANTHA YOUNG,<br>on behalf of herself and all others<br>similarly situated, known and unknown,<br><br>    Plaintiff,<br><br> v.<br><br>SHIPT, INC.,<br><br>    Defendant. | Civil Action No. 1:20-cv-05858<br><br>Honorable Edmond E. Chang<br><br>Magistrate Judge Maria Valdez |

### DEFENDANT SHIPT, INC.'S MOTION TO STAY AND COMPEL ARBITRATION OR TO DISMISS FOR IMPROPER VENUE

Defendant Shipt, Inc. ("Shipt") respectfully moves this Court to stay this action and compel individual arbitration in accordance with the parties' agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2–4, or alternatively to dismiss Plaintiff Samantha Young's ("Young") complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In support, Shipt states as follows:

1. Young filed a complaint on October 1, 2020, alleging that Shipt misclassified her as an independent contractor and violated the Fair Labor Standards Act and state employment law as a result. Young's complaint asserts both individual claims and putative class and collective claims on behalf of allegedly similarly situated individuals.

2. Young previously used the Shipt Marketplace Application as a Shopper to provide local personal shopping and delivery services for orders submitted through Shipt's platform. Her relationship with Shipt was at all times governed by an Independent Contractor Services Agreement ("ICSA") and an Arbitration Agreement. Declaration of April Hutchins ("Hutchins Decl.") Exs. C, D. Young signed both the ICSA and the Arbitration Agreement on April 24, 2019.

3. The Arbitration Agreement between Young and Shipt is subject to the FAA. Hutchins Decl. Ex. D § 14; 9 U.S.C. § 2. It provides that "any and all disputes, claims, or controversies of any kind and nature between [the parties] arising out of or relating to the relationship between [them] will be resolved through mandatory, binding arbitration." Hutchins Decl. Ex. D § 1. Listed among nonexhaustive examples of covered disputes are those "regarding the scope, interpretation, validity, and enforceability of" the ICSA or Arbitration Agreement; "any claims or disputes regarding [Young's] work and/or employment status with [Shipt], including . . . any claims that a worker/independent contractor should be classified as an employee of [Shipt]"; "alleged violations of federal or state statutes"; and claims seeking "minimum wage and overtime or other compensation." *Id.* § 2. Through the Arbitration Agreement, the parties also "waive[d] any right for any dispute to be brought, heard, decided or arbitrated as a class and/or collective action." *Id.* § 8 (capitalization altered).

4. Because "[a]rbitration is not a mandatory requirement" of using Shipt's platform as a Shopper, Young was given the opportunity to opt out of the Arbitration Agreement within thirty days of executing the ICSA. *Id.* § 11. She declined to do so. Hutchins Decl. ¶ 24.

5. Because Young and Shipt expressly agreed that any and all disputes "regarding the scope, interpretation, validity, and enforceability" of the ICSA or Arbitration Agreement would be "required to be arbitrated," Hutchins Decl. Ex. D § 2, there is "clear and unmistakable" evidence that the parties delegated all threshold arbitrability questions to the arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (citation omitted). And because the FAA requires that "additional, antecedent agreement" to be enforced, any disputes as to the scope or enforceability of any part of the Arbitration Agreement may be resolved only through individual arbitration. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010).

6.  Alternatively, even if this Court decides arbitrability issues itself, it should still compel arbitration. Young's individual, class, and collective claims are plainly barred by the terms of the Arbitration Agreement, and Young has no viable argument under federal or state law against enforcement of the individual arbitration procedures to which she knowingly and voluntarily agreed.

7.  Where a plaintiff's claims are clearly subject to a valid and enforceable arbitration agreement, the court should stay the litigation and compel arbitration in accordance with the terms of the parties' agreement. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (citing 9 U.S.C. §§ 3–4). Alternatively, the Court has discretion to dismiss the action pursuant to Rule 12(b)(3). *See Wallace v. Grubhub Holdings Inc.*, No. 1:18-cv-4538, 2019 WL 1399986, at *1, 6 (N.D. Ill. Mar. 28, 2019), *aff'd*, 970 F.3d 798 (7th Cir. 2020).

8.  For these reasons, the Court should stay the litigation and compel individual arbitration under the terms of the Arbitration Agreement or, in the alternative, dismiss Young's complaint for improper venue.

9.  Before filing this motion, and in accordance with this Court's individual case procedures for motions practice, counsel for Shipt met and conferred with counsel for Young. Young objects to this motion.

For these reasons and those set out in the contemporaneously filed memorandum of law in support of this motion, Shipt respectfully requests that the Court enter an order staying this litigation and referring this matter to individual arbitration or, in the alternative, dismissing this action under Rule 12(b)(3).

DATE: December 18, 2020

|  | Respectfully submitted, |
|---|---|
| Andrew B. Murphy<br>  Andrew.Murphy@faegredrinker.com<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>(612) 766-7000<br><br>Gregory P. Adams<br>  Gregory.Adams@faegredrinker.com<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>311 S. Wacker Drive, Suite 4300<br>Chicago, IL 60606<br>(312) 212-6500 | */s/ Dhananjay S. Manthripragada*<br>Theane Evangelis*<br>  TEvangelis@gibsondunn.com<br>Dhananjay S. Manthripragada*<br>  DManthripragada@gibsondunn.com<br>Andrew M. Kasabian*<br>  AKasabian@gibsondunn.com<br>Matt Aidan Getz*<br>  MGetz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel: (213) 229-7000<br><br>Michele L. Maryott*<br>  MMaryott@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Tel: (949) 451-3800<br><br>*Admitted pro hac vice |

*Attorneys for Defendant Shipt, Inc*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I filed a true and accurate copy of the foregoing motion with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which automatically served all counsel of record.

                                             */s/ Dhananjay S. Manthripragada*
                                             Dhananjay S. Manthripragada